## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARIS RAMIREZ-ALVAREZ,** : | |
| Petitioner, : | Civil Action No. 1:11-CV-2098 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| **ERIC HOLDER, et al.,** : | (Magistrate Judge Carlson) |
| Respondents : | |

### MEMORANDUM ORDER

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Martin Carlson (Doc. No. 9), which recommends that Petitioner Aris Ramirez-Alvarez's petition filed pursuant to 28 U.S.C. § 2241 be denied. Petitioner has filed objections to the R&R. (Doc. No. 10.) The Court has reviewed Petitioner's objections and has found them to be without merit. Accordingly, the Court will adopt the R&R in full.

**I.    BACKGROUND**

    **A.    Procedural Background**

Petitioner is a native of El Salvador who has illegally entered the United States twice. (Doc. No. 1 at 5-7.) In 1999, Petitioner was arrested and subsequently convicted in California for robbery and possession of ammunition. (Id. at 5.) While on bail following the conviction, Petitioner returned to El Salvador where he was detained on homicide charges until October 2000. (Id.) This detention caused Petitioner to fail to appear at an immigration hearing scheduled in July 2000, at which an immigration judge ordered Petitioner's removal from the United States. (Doc. No. 7 at 2.) Following release, Petitioner returned to California. In 2003, after completing his state robbery sentence in California, Petitioner was removed from the United States. (Doc. No. 1 at 5.)

In 2004, following his removal, Petitioner was arrested in Texas and charged with illegal reentry. (Id.) Pursuant to 8 U.S.C. § 1231(a)(5), a warrant for Petitioner's removal was issued in 2005 based on his prior removal order. (Doc. No. 7-1 at 7.) Petitioner sought to avoid removal by seeking asylum under the Nations Convention Against Torture ("CAT"), alleging that he would be the target of a gang-related "honor killing" if he returned to El Salvador. (Id. at 6.) An immigration judge denied Petitioner's requests for asylum, Petitioner waived his right to appeal the decision, and Petitioner was thereafter removed from the United States a second time in 2005. (Id. at 23.)

In 2007, Petitioner was arrested in Texas and subsequently convicted of illegal reentry into the United States. (Doc. No. 1 at 7.) Petitioner was sentenced to 63 months incarceration as a result of that immigration offense conviction. (Id.) During this incarceration, Petitioner was interviewed by immigration officials and recommended for expedited removal. (Doc. No. 7-1 at 21.) An order of removal pursuant to 8 U.S.C. § 1225(b)(1) was issued and served upon Petitioner in October 2011. (Doc. No. 7-1 at 24.) Petitioner has been in the custody of ICE officials since September 30, 2011. (Doc. No. 1 at 8.)

### B.     Section 2241 Petition

On November 9, 2011, Petitioner filed a petition for relief pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) In this petition for relief, Petitioner challenges the duration of his detention pending removal from the United States. (Id. at 12.) Petitioner further argues that the 2005 removal order and the denial of his CAT asylum request violated his constitutional rights. (Id. at 1, 6-7.) Petitioner asks the Court to conduct a de novo review of the immigration judge's decision and invalidate the decision leading to his initial removal order and denial of asylum.

(Id. at 12.)

### C. Report and Recommendation

On December 14, 2011, Magistrate Judge Carlson issued an R&R, recommending that Petitioner's petition for habeas corpus relief be denied. (Doc. No. 9.) First, Magistrate Judge Carlson found that Petitioner's challenge to his detention pending removal must fail because the length of that detention has not exceeded the presumptive reasonableness threshold as interpreted by the Supreme Court. (Id. at 12.) Next, Magistrate Judge Carlson recommended that the Court deny Petitioner's request to review and invalidate the immigration judge's decision to order Petitioner's removal from the United States and deny him asylum under CAT, because 8 U.S.C. § 1252(a)(5) expressly bars district courts from reviewing decisions made by immigration judges related to CAT. (Id. at 9-10.)

## II. DISCUSSION

The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure, provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the R&R, the Court is to make a de novo determination of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1).

On December 22, 2011, Petitioner filed an objection to the R&R, objecting to Magistrate Judge Carlson's refusal to review and invalidate the immigration judge's decision to deny Petitioner asylum under CAT and instead order removal from the United States. (Doc. No. 10 at 2.) Petitioner does not object to any other portion of the R&R.

### A. Petitioner's Objection

The crux of Petitioner's objection to the R&R is that the immigration judge erred by ordering Petitioner's removal from the United States and denying his request for asylum pursuant to CAT. (Doc. No. 10 at 2.) Petitioner also argues that, by failing to advise Petitioner of his right to appeal from the removal order, the immigration judge deprived him of his Fifth Amendment right to due process. (Id.) Because of these errors, Petitioner "urges this Court to make a de novo determination of . . . portions of the report." (Id.) The Court finds that Petitioner's objection lacks merit.

According to 8 U.S.C. § 1252(a)(5):

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter

8 U.S.C. § 1231(a)(5). Thus, district courts lack jurisdiction to review removal orders made by immigration judges in a Section 2241 habeas corpus proceeding. 8 U.S.C. § 1252(a)(5). Review by an appellate court "shall be the sole and exclusive means for judicial review of an order of removal." Id. Petitioner asks for a de novo review of his removal order; however, it is clear that this Court lacks jurisdiction to review this type of claim in a Section 2241 proceeding.

Magistrate Judge Carlson also noted that, regardless of the proceeding in which Petitioner's request for review takes place, statutory language forbids the review of a prior removal order. Pursuant to 8 U.S.C. § 1231(a)(5), "If the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . the prior removal is reinstated from its original date and is not subject to being reopened or reviewed." 8 U.S.C. §

4

1231(a)(5). Petitioner has been removed from the United States on two occasions based on the reinstatement of his original removal order. (Doc. No. 1 at 5-7.) Petitioner asks us to review each of those proceedings; however, the language of the statute clearly bars the review of a prior removal order. 8 U.S.C. § 1231(a)(5). Therefore, not only is the review of a removal order barred in Section 2241 habeas corpus proceedings, it is also barred in any proceeding when the review requires looking to a prior removal order that has been reinstated based on an illegal reentry. Thus, Petitioner's objection to the R&R must be overruled, because the Court lacks jurisdiction to review the immigration judge's removal order. Accordingly, the Court will adopt this portion of Magistrate Judge Carlson's R&R.

### B. Magistrate Judge Carlson's Recommendation Concerning Petitioner's Detention

Magistrate Judge Carlson also found that Petitioner's current detention is required by statute, and does not yet implicate Constitutional concerns. (Doc. No. 9 at 11; see also 8 U.S.C. § 1231(a)(1)(A).) Although 8 U.S.C. § 1231(a) places an initial 90-day limit on detention pending removal, the Supreme Court has recognized the presumptive reasonableness detention beyond the initial 90 day period as long as it is for a period no greater than six months. Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Petitioner has only been detained for purposes of removal since September 30, 2011. (Doc. No. 1 at 8.) Petitioner's detention therefore falls within the six month window of presumptive reasonableness as determined by the Supreme Court. Petitioner does not object to this portion of the R&R. The Court agrees with and adopts this portion of Magistrate Judge Carlson's R&R.

### III. CONCLUSION

**ACCORDINGLY**, on this 23rd day of January 2012, **IT IS HEREBY ORDERED**

**THAT** Magistrate Judge Carlson's R&R (Doc. No. 10) is **ADOPTED**, and Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**.  The Clerk of Court is directed to close this case.  No certificate of appealability shall issue.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania